ELECTRIC GASLIGHTING CO. et al. v. FULLER et al.

(Circuit Court, D. Massachusetts. April 13, 1893.)

No. 2,518.

PATENTS FOR INVENTIONS—INFRINGEMENT—ELECTRIC GASLIGHTING.
    Letters patent No. 232,661, granted September 28, 1880, to Jacob P. Tir-rell, for an electric gaslighting apparatus, was for a device in which the actuating arm, opening the gas cock, and bringing together the points producing the igniting spark, is moved by hand, and then remains at rest, subject to no tension, and not requiring to be held in position, and is afterwards moved by hand to its former position. In letters patent No. 116,054, issued to Heyl and Diehl, the same arm is moved and held in place by hand, and when released is drawn back by a spring. *Held*, that the Tirrell patent is so limited by the earlier patent that it is not infringed by a device in which the arm, when drawn to open the gas cock, is held in place by engaging a pin with a recess in the arm, under the tension of a spring, which, when the recess is released from the pin, restores the arm to its former place.

In Equity. Suit by the Electric Gaslighting Company and others against Charles E. Fuller and others for infringement of a patent. Bill dismissed.

Edward P. Payson and Edwin H. Brown, for complainants.
W. K. Richardson, for respondents.

CARPENTER, District Judge. This is a bill in equity, praying an injunction against an alleged infringement of the first claim of letters patent No. 232,661, issued September 28, 1880, to Jacob P. Tirrell, for electric gaslighting apparatus. The claim is as follows:

"(1) In combination with a gas-burner, A, the fixed insulated arm, I, attached thereto, and terminating in a metallic point, the gas cock and the arm attached to the stem thereof, and a device for actuating the said arm, and thereby turning the gas cock, said arm being also connected with and arranged to actuate the vibrating arm, E, with its contact point, G; the whole so constructed, combined, and arranged that the oscillation of said arm shall conjoindly turn on the gas, and bring said points in contact, to produce an igniting spark near the tip of the burner, all substantially as and for the purposes specified."

The device used by the respondents is shown in the drawings attached to letters patent No. 382,001, issued May 1, 1888, to Charles W. Holtzer, for electric gaslighter. The method of lighting described in the claim is old, so far as the igniting device itself is concerned, and is also old so far as it calls for a device to turn on and light the gas at the same time. This appears from a comparison of the various prior patents shown in the record. The novelty in this patent consists in the actuating mechanism whereby the devices above referred to are brought into play. With reference to the question specifically raised in this case, I find that there are two classes of such mechanism. The first is represented by the patent to Heyl & Diehl, No. 116,054, issued June 20, 1871. This is not an apparatus for use with illuminating gas, but it might be easily used as such, without bringing in any of the elements of the claim here in dispute. The arm or lever which sets free the gas is moved by the hand, held in place by the hand, and, on being released, is brought back by a spring. In the patent in suit the actuating arm is moved so as to open the passage for the gas, and remains at rest at that point, subject to no tension, and not requiring to be held in position, and is afterwards moved by hand to its former position. It seems to me clear that the device of the respondents belongs to the class represented by the former patent. The actuating arm is drawn to open the gas cock, and is there held in place by engaging a pin with a recess in the arm, and is so held, under the tension of a spring, which, when the recess is released from the pin, restores the arm to its former place. In other words, the Heyl & Diehl patent seems to me so to limit the patent in suit that the respondents do not infringe.

The bill, therefore, must be dismissed, with costs.